IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DEWEY WELCH                                                                                              PLAINTIFF

VS.                                                                            CIVIL ACTION NO.: 4:15-cv-187-JMV

PROP TRANSPORT & TRADING, INC.,
GREENVILLE PORT COMMISSION,
and TERRAL RIVERSERVICE, INC.                                                                DEFENDANT

## ORDER SETTING ASIDE CLERK'S ENTRY OF DEFAULT

This matter is before the court on Defendant Prop Transport & Trading, Inc.'s Unopposed Motion to Set Aside Clerk's Entry of Default Pursuant to Federal Rule of Civil Procedure 55(c) [39]. Upon due consideration of the unopposed motion and the applicable law, the court finds Defendant's Motion to Set Aside Entry of Default should be granted.

### Standard of Review

Default judgment is "a drastic remedy not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Regarding the standard of review for setting aside a clerk's entry of default, it is well recognized whether to do so is "within the sound discretion of the district court." *U.S. v. Gentry*, No. 1:12-cv-215-SA-DAS, 2014 WL 4352094, at *2 (N.D. Miss. Sept. 2, 2014) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). Under Federal Rule of Civil Procedure 55(c), the standard to set aside an entry of default is "good cause." *Griffin*, 2008 WL 3287132, at *1 (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).

### Analysis

The clerk entered notice of default on April 7, 2016 [11] and counsel for Defendant Prop Transport & Trading, Inc. entered an appearance on August 3, 2016 [27]. In its motion, Prop

Transport & Trading, Inc. alleges that "counsel for the Plaintiff has agreed to waive the Clerk's Entry of Default, and counsel for the Port does not oppose setting aside the Clerk's Entry of Default."[1]  Prop Transport further "submits to the Court that setting aside the Clerk's Entry of Default will allow all parties to this litigation to proceed with thorough and complete discovery, and the diligent prosecution and defense of the Plaintiff's claims herein."[2]

Plaintiff Dewey Welch has consented to setting aside the entry of default and has, accordingly, asserted no prejudice in opposition.  Given the great preference of this court to have claims adjudicated on their merits, the court finds good cause to set aside the entry of default and orders the entry of default be set aside.

## Conclusion

For the foregoing reasons, it is recommended that Defendant's Motion to Set Aside Clerk's Entry of Default [39] should be granted.

**SO ORDERED** this, the 30th day of August, 2016.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Defendant's Motion to Set Aside Default [39] at ¶ 6.
[2] Id. at ¶ 7.