**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**DEWEY WELCH**                                                                 **PLAINTIFF**

**VS.**                                             **CIVIL ACTION NO.: 4:15-cv-187-JMV**

**PROP TRANSPORT & TRADING, LLC,**
**GREENVILLE PORT COMMISSION, and**
**TERRAL RIVERSERVICE, INC.**                                          **DEFENDANTS**

## ORDER GRANTING MOTION TO DISMISS

This matter is before the court on the Intervenor American Longshore Mutual Association, LTD (ALMA)'s Motion to Dismiss and/or for Partial Summary Judgment [102]. ALMA seeks to dismiss the Longshoremen's and Harbor Workers' Compensation Act (LHWCA) claims in the First Amended Complaint. The court has considered the motion and accompanying brief, along with the response filed by Plaintiff conceding that the motion is proper. For the reasons below, the motion shall be granted.

## Standard of Review

Motions to dismiss test the sufficiency of a plaintiff's complaint. *See Guthrie v. Tifco Inds.*, 941 F.2d 374, 379 (5th Cir. 1991). On a Rule 12(b)(6) motion, the court's inquiry is essentially limited to the content of the complaint. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994), *cert. denied,* 513 U.S. 868.

To survive a motion to dismiss, plaintiffs are required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

## Analysis

ALMA's Motion to Dismiss is proper because there is no genuine issue of material fact as to whether Plaintiff states a claim upon which relief may be granted with respect to its LHWCA claims against ALMA. The LHWCA establishes the procedure for determination and review of claims covered by the statute. Under the LHWCA, a claimant must file a claim with the Deputy Commissioner, who is empowered to order a hearing before an administrative law judge. 33 U.S.C. § 919(a), (c). Claim determinations are appealable to the Benefits Review Board, whose orders may be reviewed by a United States Court of Appeals for the district in which the claim arose. 33 U.S.C. § 919(a), (c). 33 U.S.C. § 921 (b), (c). Plaintiff agrees. Accordingly, the Plaintiff's claims for compensation benefits are not properly before this court and should be dismissed without prejudice.

## Conclusion

In light of the foregoing, it is appropriate to grant ALMA's Motion to Dismiss [102]. The court dismisses the LHWCA claims without prejudice.

**SO ORDERED** this, the 16th day of March, 2017.

/s/ Jane M. Virden_____
**UNITED STATES MAGISTRATE JUDGE**