IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DEWEY WELCH                                                                                    PLAINTIFF

VS.                                                           CIVIL ACTION NO.: 4:15-cv-187-JMV

PROP TRANSPORT & TRADING, LLC ET AL.                              DEFENDANTS

### ORDER ON MOTION TO ALTER JUDGMENT

This matter is before the court on the motion [124] of the Plaintiff Dewey Welch, pursuant to Federal Rule of Civil Procedure 59(e), to alter this court's order granting Greenville Port Commission's ("the Port") motion for partial summary judgment dated March 10, 2017 [112]. As discussed below in greater detail, the court finds that insofar as the issues raised by the summary judgment motion were addressed in the prior order, the order will stand. However, as relates to the Mississippi Tort Claims Act (Miss. Code Ann. § 11-1-46 *et seq.*) ("MTCA"), the court notes that its prior order addressed only whether that act's limitation on compensatory damages and prohibition of punitive damages in tort suits against political subdivisions applies to a *state* cause of action for negligence asserted in federal court.

> Welch alleges that the Port is liable under *state law* for general negligence and under general maritime law for unseaworthiness. . . . In its Motion for Partial Summary Judgment [82], the Port argues that the court can determine as a matter of law that Welch cannot state an unseaworthiness claim against it because it is not the owner or operator of the vessel upon which Welch was allegedly injured. The Port further argues that it is entitled to the protections afforded to governmental entities by the Mississippi Tort Claims Act ("MTCA") as to Welch's *state law* claims for general negligence.

Order [112] at 1-2 (emphasis added). The order [112] did not, for the reasons discussed below, address a different issue–whether the state statutory damages limitations apply to a general maritime claim for negligence. The court finds it proper to address such issue in the instant order.

### Rule 59(e)

1

"Depending on the timing of the motion, the Fifth Circuit treats a motion for reconsideration as either a motion to alter or amend under Rule 59(e), or a motion for relief from judgment under Rule 60(b)." *Kennedy v. Jefferson Cty. Hosp.*, 2016 WL 6495595, at *1 (S.D. Miss. Nov. 2, 2016) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)). If the motion is filed within 28 days of entry of the judgment, then the motion constitutes a motion to alter or amend under Rule 59(e). *Id.*; Fed. R. Civ. P. 59(e). If a motion is filed more than 28 days, but not more than one year, after entry of judgment is governed by Rule 60(b). *Id.*; Fed. R. Civ. P. 60(b). Because Welch's motion was filed on the twenty-seventh day following entry of judgment, the court shall treat it as a motion to alter or amend under Rule 59(e).

A motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) constitutes a request for "extraordinary" relief. *Id.* (citing *In re Pequeno*, 240 Fed. App'x 634, 636 (5th Cir. 2007)). "Such relief is appropriate only in three circumstances: '(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice.'" *Id.*; (citing *In re Pequeno*, 240 Fed. App'x at 636).

**The prior order granting the Port's motion for partial summary judgment [112]**

In accord with the above and its prior order [112] at pp. 1-2, the court notes again that while Plaintiff's amended complaint asserts a claim for unseaworthiness under general maritime law, with respect to negligence, the Plaintiff makes no reference to general maritime law. To the contrary, the amended complaint describes Plaintiff's negligence claim as a "state cause of action" brought pursuant to the Mississippi Tort Claims Act. *See* Amended Complaint [2] at 11.

Accordingly, in its prior order, the court held only that the MTCA damages limitation applied, in federal court, to plaintiff's state cause of action for negligence against the Port.

Nevertheless, upon further review, it is apparent that the parties themselves have approached Plaintiff's negligence claim, not only as a state cause of action, but as one pursuant to general maritime law. (Albeit, the Port argues that Plaintiff has elected to proceed under either theory pursuant to the Mississippi Tort Claims Act.) In short, because the parties have briefed the issues before the court as if the Plaintiff has indeed asserted a general maritime claim for negligence in addition to, or in place of, a state law negligence claim, the court finds it necessary, to avoid manifest injustice, to address here whether the Port is entitled, on summary judgment, to an order limiting Plaintiff's compensatory damages and prohibiting punitive damages pursuant to the Mississippi Tort Claims Act should Plaintiff succeed on the merits of a general maritime negligence claim. *See, In re Gharbi*, 2011 WL 831706, at *10 (Bankr. W.D. Tex. Mar. 3, 2011), *aff'd*, 2011 WL 2181197 (W.D. Tex. June 3, 2011) ("The Court is aware that Plaintiff did not plead these first two issues in the initial complaint. However, Plaintiff raised these issues in Plaintiff's Motion for Summary Judgment (docket no. 24) and Plaintiff's Proposed Pre–Trial Order (docket no. 42) and argued the issues at the hearing August 26, 2010. The Federal Rules of Civil Procedure allow for situations such as this, stating: When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings. A party may move—at any time, even after judgment—to amend the pleadings to conform them to the evidence and to raise an unpleaded issue . . . F.R.C.P. 15(b)(2).").

## **The Port's position**

The Port asserts that the state tort claims act, by its express terms, 1) applies to all tort suits, including those pursuant to general maritime law, against, among others, political subdivisions such as the Port (Miss. Code Ann. § 11-46-1(g)), and 2) expressly limits compensatory damages to $500,000, and prohibits punitive damages for commission of such of those torts as to which immunity is waived under the act, *see* Miss Code Ann. § 11-46-15. The Port further asserts that the state tort claims act damages limitation is not preempted by general maritime law. Finally, the Port asserts, by way of alternative argument, that because Plaintiff brought his general maritime negligence claim pursuant to the Mississippi Tort Claims Act (MTCA), he must, for that independent reason, proceed in accordance with its damage limitations.[1]

### **The Plaintiff's position**

Plaintiff asserts, first, that a state law, such as that limiting damages against a political subdivision for torts of its employees under the MTCA, is irrelevant in a federal court action against that entity for violation of federal common law, unless, as an initial matter, the defendant subdivision qualifies as the state or an "arm of the state" entitled to 11th Amendment immunity. Plaintiff further asserts that the Port is not the state or an arm of the state as that phrase has been defined under applicable Fifth Circuit law. Consequently, Plaintiff asserts that the Port is not entitled to the damage limitations set forth in the MTCA. As discussed hereafter, this argument is unpersuasive because it puts the proverbial cart before the horse—it overlooks the fact that unless the state law at issue is preempted by a federal law, the state is free to legislate as it sees fit, including affording its political subdivisions protections from tort suits irrespective any 11th Amendment analysis.

---

[1] The motion for partial summary judgment sought application of the damages limitations, not other provisions of the act. *See* Motion for Partial Summary Judgment [83] at 5-6. Should summary judgment as to application of any other provision of the act be sought, a separate motion seeking such relief must be filed.

Alternatively, Plaintiff argues that general maritime law preempts the damage limitations set forth in MTCA. The court finds, as discussed below, that this is the controlling question on the issue before the court, and Plaintiff's assertion that the damages limitations of the MTCA are preempted by general maritime law is meritorious.

**Plaintiff's argument that 11th Amendment immunity is necessarily a prerequisite to application of a state law in an action for breach of federal law**

Plaintiff makes a blanket argument that a state law, such as that limiting damages against a political subdivision for torts of its employees, is irrelevant in a federal court action against that entity for violation of federal common law, unless, as an initial matter, the defendant is entitled to 11th Amendment immunity. In support of such argument, Plaintiff cites the following cases: *Jactinoport Corp. v. Greater Baton Rouge Port Comm.*, 762 F.2d 435 (5th Cir. 1985) (Port not entitled to 11th Amendment immunity because not arm of state); *Welch v. State Dep't of Highways & Public Transp.*, 739 F.2d 1034 (5th Cir. 1984) (the state of Texas could confer on private parties no immunity from federal maritime remedies, but state waived its 11th Amendment immunity); *Clark v. Tarrant County*, 798 F.2d 736 (5th Cir. 1985) (holding that the probation department of the state of Texas was an arm of the state and thereby entitled to 11th Amendment immunity); *Pendergrass v. Greater New Orleans Expressway Comm'n*, 144 F.3d 342 (5th Cir. 1998) (holding that the Greater New Orleans Expressway Commission was not entitled to 11th Amendment immunity); *Southwest Bell Tel. Co. v. City of El Paso*, 243 F.3d 936 (5th Cir. 2001) (holding that the City of El Paso was not an arm of the state and was thus not entitled to 11th Amendment immunity); *United States, ex. rel. Barron v. Deloitte & Touche, LLP*, 381 F.3d 438 (5th Cir. 2004) (holding that the insurance company operating the state's Medicaid fiscal intermediary was not entitled to 11th Amendment immunity); and *Dougherty v. Golden Gate Bridge, Highway & Transp. Dist.*, 31 F. Supp. 2d 724,727 (N.D. Cal. 1998) (If a defendant

does not enjoy 11th Amendment immunity in an action where the federal law is supreme, the federal law controls).

These cases, including *Dougherty,* stand only for the well-recognized rule that only the State or "arms of the state" (as opposed to local subdivisions, municipalities or counties) are entitled to Eleventh Amendment immunity, and where so entitled, the state may then conditionally waive that immunity. These cases do not purport to stand for the proposition advanced by Plaintiff: that entities that are not entitled to Eleventh Amendment immunity may not derive from non-preempted state law protections from suit in federal court.

In fact, the *Dougherty* decision itself relies on United States Supreme Court decisions that illustrate the necessity for a finding of federal preemption or supremacy in the first instance to trigger an 11th Amendment analysis. *See*, *Hilton v. South Carolina Pub. Rys. Com'n.*, 112 S. Ct. 560, 566 (1991) (Where "clear statement" rule of statutory construction is either overcome or inapplicable so that federal statute imposes liability upon states, the Supremacy Clause makes that statute the law in every state, fully enforceable in state courts.); and *Brown v. Western Ry. of Ala.*, 70 S. Ct. 105, 106-07 (1949) ("It our duty to construe the allegations of this complaint ourselves in order to determine whether petitioner has been denied a right of trial granted him by Congress. This federal right cannot be defeated by the forms of local practice." (citing *American Ry. Exp. Co. v. Levee*, 263 U.S. 19, 21 (1923)). The other case that *Doughtery* relied upon, *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 32 (1994), simply held that a bi-state railway (a Compact Clause entity) was "not cloaked with the Eleventh Amendment immunity that a state enjoys."

Indeed, were the law actually as Plaintiff advances it is, the long established and well-recognized rule that a state is free to legislate as it sees fit – provided it does not do so in a

6

manner, generally speaking, that conflicts with federal law – would be largely meaningless where the state law applied to any entity other than one entitled to Eleventh Amendment immunity.[2] *See J. Ray McDermott & Co. v. The Vessel Morning Star*, 457 F.2d 815, 818 (5th Cir.) (en banc), *cert. denied*, 409 U.S. 948 (1972) ("State law may occasionally be used to fill the gaps in an incomplete and less than perfect maritime system."); *Kamani v. Port of Houston Auth.*, 702 F. 2d 612, 615 (5th Cir. 1983) (matters which are "maritime but local" will authorize the application of state law); *Powell v. Offshore Nav., Inc.*, 644 F.2d 1063, 1066 n.5 (5th Cir. 1981) ("State law may of course supplement federal maritime law, as in the exercise of its police powers or in the provision of an additional maritime tort remedy; state law may not, however, conflict with federal maritime law."); *Am. Dredging Co. v. Miller*, 510 U.S. 443, 452 (1994) ("It would be idle to pretend that the line separating permissible from impermissible state regulation is readily discernible in our admiralty jurisprudence, or indeed is even entirely consistent within our admiralty jurisprudence.").

In this court's view, the issue of whether the Mississippi Tort Claims Act's limitation on compensatory damages and prohibition of punitive damages applies in this federal court proceeding for general maritime negligence against a political subdivision, who is concededly not entitled to Eleventh Amendment immunity, requires an examination of two questions: (1) does the state legislation purport to cover the entity and claim asserted?; and, if so, (2) is the state statute preempted by existing federal law?[3]

### 1) **Does the MTCA purport to apply to a general maritime negligence claim against a political subdivision such as the Port?**

---

[2] Because no claim is made by the Port that it is entitled to Eleventh Amendment immunity, Plaintiff's examination of a long line of cases that set forth the factors to determine if a public entity is the state for Eleventh Amendment purposes (commonly referred to as the *Clark* factors) is irrelevant.

[3] Of course, if preempted, the 11th Amendment would then become a vehicle for potentially applying the state law, but that and its related issues are not relevant in this case as, again, the Port does not assert that it is entitled to 11th Amendment immunity.

The Mississippi Tort Claims Act applies to governmental entities and exempts such entities from liability for torts committed by the entity and its employees acting within the course and scope of their employment. *See* Miss. Code Ann. § 11-46-9. The Mississippi Tort Claims Act does not exclude tort claims arising under general maritime law. On its face, it covers all torts. *See id.*

**2) Are the damage limitations in the MTCA preempted by general maritime common law governing negligence claims?**

The Fifth Circuit has set forth certain factors to be examined in order to determine whether state law is preempted by maritime law:

(1) State law is not preempted when it contains a detailed scheme to fill a gap in maritime law;

(2) State law is not preempted when the law regulates behavior in which the state has an especially strong interest;

(3) Maritime law preempts whenever a uniform rule will facilitate maritime commerce, or, conversely, when non-uniform regulation will work a material disadvantage to commercial actors

(4) Maritime law preempts state law when the state law impinges on international or interstate relations; and

(5) Plaintiffs should win personal injury or death maritime tort claims.

*Exxon Corp. v. Chick Kam Choo*, 817 F.2d 307, 317 (5th Cir. 1987), *rev'd on other grounds,* 486 U.S. 140 (1988); *see also, The Vessel Morning Star*, 457 F.2d at 818 (5th Cir.) (en banc), *cert. denied,* 409 U.S. 948 (1972) ("Although state law may occasionally be utilized to fill the gaps in an incomplete and less than perfect maritime system it cannot be employed to contravene an act of Congress, to prejudice the characteristic features of the maritime law or to disrupt the harmony it strives to bring to international and interstate relations.").

As applied to the facts of the instant case, it is apparent, with respect to the first factor, that the damages limitation of the MTCA does not fill a gap in maritime law. The parties have not argued that there is any limit, or even a suggestion of same, on the availability of compensatory damages under general maritime negligence law in the Fifth Circuit, nor is the court aware of any. Further, the law in the Fifth Circuit is settled as to the availability of punitive damages and whether they are allowed against a non-employer third party under general maritime negligence. There is simply no gap for state law to fill.

The second factor requires the court to consider whether the State of Mississippi has a strong interest in limiting damages awardable against entities such as the Greenville Port Commission. "The venerable phrase "police power" is often used to express this overriding interest in self-regulation." *Chick Kam Choo*, 817 F.2d at 317 (5th Cir. 1987), *rev'd on other grounds*, 486 U.S. 140 (1988) (citing *Askew v. American Waterways Operators,* 411 U.S. 325 (1972) (Florida oil spill regulations); *Wilburn Boat Co. v. Fireman's Fund Insurance Co.,* 348 U.S. at 316-19 (traditional and plenary state power to regulate all forms of insurance)). Presumably, in limiting the damages recoverable against the state and its subdivisions, the state was concerned about the state treasury. But in the instant case, there is no genuine issue of material fact as to whether the Greenville Port Commission is financially funded by the state. *See*, Hart, the Director of the Greenville Port Commission, testifying that the source of Greenville Port Commission's funding is not derived from the state treasury; rather, it comes from leases and port operations. [92] ex. 1 Deposition of Tommy Hart at p.34 l.6-p.37 l.6, p. 41 l.13-18; Hart has also testified that the Greenville Port Commission is completely self-sufficient, has its own bank accounts and owns its own Certificates of Deposit. *Id.* at p.98 l.11-13; and Hart

testified that the state of Mississippi has never financed the Greenville Port Commission. *Id.* at p.41, l.20-23.

As for the third factor, the question is whether limiting Welch's damages based upon the MTCA will work a material disadvantage to commercial actors. "This notion is sometimes simply referred to as the need for uniformity, but uniformity is obviously not an end in itself or else state law would *always* be preempted. . . . Since uniformity is related to predictability and to reasonable legal expectations, it is of greatest importance when legal relations are not predictably related to a certain locale and its laws." *Chick Kam Choo,* 817 F.2d at 318. True enough, the Port is a Greenville, Mississippi governmental entity, Welch is from Greenville, Mississippi, and the incident occurred in Greenville, Mississippi. However, this incident invokes concerns regarding commercial actors/transports whose very essence is to move regularly among many states.

The fourth factor is whether the state law impinges on international or interstate relations, and this factor also weighs in favor of federal preemption. As Plaintiff explains, a deckhand on a towboat on the Mississippi River traveling one way from St. Paul, Minnesota to Baton Rouge, Louisiana who was injured by the negligent acts of any port authority along the way would be subject to a potentially very different recovery based solely on a difference in river mile marker.

As for the fifth and final factor, the Port is not seeking, by virtue of its claim that the damage limitation provisions of the MTCA apply to this case, the dismissal of Welch's case or to eliminate his ability to recover. Application of the MTCA's limitation on damages is not outcome determinative and would not result in dismissal of the entirety of Welch's claims. Accordingly, this factor weighs against federal preemption.

Upon analyzing all of the applicable factors, the court finds that the damage limitations provisions of the MTCA do not apply to Welch's claims for general maritime negligence against

the Port in as much as the state law would limit his rights to the recovery otherwise available under general maritime law. As such, the damage limitations are preempted by general maritime law.

Notably, the Fifth Circuit has held that while state law may supplement federal maritime law, "state law may not . . . conflict with federal maritime law, as it would be redefining the requirements or limits of a remedy available at admiralty." *Powell*, 644 F.2d at 1065 n.5. The United States Supreme Court has also similarly held that state law may supplement federal maritime law, but may not conflict with it. *See*, *Workman v. New York City,* 179 U.S. 552 (1900) (In a maritime case, the Supreme Court refused to apply a local law conferring immunity on municipalities because of its negative impact on uniformity and the Federal admiralty right of recovery); *see also, Calhoun v. Yamaha Motor Corp., U.S.A.,* 40 F.3d 622, 627 (3d Cir. 1994) *aff'd*, 516 U.S. 199 (1996) ("[S]tate law may supplement maritime law when maritime law is silent or where a local matter is at issue, but state law may not be applied where it would conflict with [federal] maritime law.").

Finally, the court is unpersuaded by the Port's reliance on *The Port of Houston Auth. v. Guillory*, 845 S.W.2d 812 (Tex. 1993) (*cert. denied*) for two reasons. First, it is a Texas state court decision and aside from holding the state law at issue in that case was not preempted by federal law because Congress did not intend to do so "in this manner," no rationale for the decision on preemption is provided. Second, and most notably, none of the factors set forth by the Fifth Circuit in *Chick Kam Choo*, 817 F.2d at 317 (5th Cir. 1987) for analyzing preemption in the maritime arena were addressed.

3) **Did Plaintiff assert a general maritime claim of negligence pursuant to the MTCA?**

The Port's alternative argument is that Plaintiff brought his general maritime negligence claim pursuant to the Mississippi Tort Claims Act, so he must proceed in accordance with its damage limitations pursuant to *Kamani*, 702 F.2d at 616. This argument is without merit. *Kamani* makes no such holding, and even if it did, as already noted, Plaintiff's amended complaint in this action asserts only that a state law cause of action is brought pursuant to the MTCA.

## Conclusion

Accordingly, the court finds that the damages limitations of the MTCA do not apply to Welch's claim for negligence under general maritime law. Accordingly, to this extent, the Motion for partial summary judgment is denied.

**SO ORDERED**, this the 1st day of June, 2017.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**