## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

DEWEY WELCH                                                                    PLAINTIFF

VS.                                                    CIVIL ACTION NO.: 4:15-cv-187-JMV

PROP TRANSPORT & TRADING, LLC ET AL.                              DEFENDANTS

### ORDER GRANTING MOTION TO SET ASIDE DEFAULT

This matter is before the court on Defendant Prop Transport & Trading, LLC's Amended

Motion to Set Aside Default [138]. Upon due consideration of this case and the applicable law,

the court finds Defendant's Motion to Set Aside Entry of Default should be granted.

### Relevant Procedural History

The relevant timeline of this case is as follows:

1) On December 21, 2015, Plaintiff filed his original complaint in this action [1].

2) On December 28, 2015, Plaintiff filed his amended complaint [2].

3) Also on December 28, 2015, summons was issued [3] as to Defendants Greenville

   Port Commission, Prop Transport & Trading, LLC and Terral RiverService, Inc.[1]

4) Summons was executed upon Prop Transport & Trading, LLC, and the return was

   filed as of record on February 10, 2016 [6].

5) A clerk's notice of default as to Prop Transport was entered on April 7, 2016 [11].

6) On August 25, 2016, an unopposed motion to set aside default [39] was filed by

   counsel, Herman Cox of Maynard, Cooper & Gale, P.C., for Prop Transport.

7) On August 30, 2016, the first motion to set aside default [39] was granted.

---

[1] Plaintiff voluntarily dismissed Terral RiverService, Inc. prior to it ever making an appearance in this action.

8)   On August 31, 2016, Prop Transport filed a motion to dismiss for failure to state a claim [42] and an accompanying memorandum [43]. The court ultimately denied the motion on November 1, 2016, finding that the motion to dismiss was premature.[2] Specifically, this court held that "Based upon the facts pled in the amended complaint, the undersigned declines to definitively find as a matter of law that Welch's work as a barge-loading supervisor precludes him from seaman status under the Jones Act." Order Denying Motion to Dismiss [72] at 13.

9)   Following the court's denial of the motion to dismiss, no answer was filed on behalf of Prop Transport. However, counsel for Prop Transport continued to participate in some discovery and file pleadings with the court after its answer was due. Prop Transport filed an answer to the crossclaim filed by Greenville Port Commission on November 30, 2016 [79] and filed a Notice of Service of Discovery to Plaintiff and cross-claimant Greenville Port Commission [89] on January 6, 2017.

10) On February 7, 2017, counsel for Prop Transport, Herman Cox, Ben Segarra, and Jaime Betbeze of Maynard, Cooper & Gale, P.C., moved to withdraw [98].

11) On March 14, 2017, this court conditionally granted the motion to withdraw [114] upon the certification, within seven days, that counsel personally informed its client that a corporation must have representation to prosecute or defend a claim in federal court. The court further granted the client, Prop Transport & Trading, LLC, 45 days from March 14, 2017, to retain additional counsel. At the end of that 45 day period, if Prop Transport elected not to obtain further counsel, the court indicated that it would

---

[2] No answer has been filed to date. Notably, a proposed answer was attached to Prop Transport's Amended Motion to Set Aside [138]. Pursuant to Federal Rule 12(a)(4)(A), Prop Transport's answer was due 14 days after the denial of its motion to dismiss on November 1, 2016. However, Prop Transport's failure to answer was not brought to the court's attention until March 17, 2017 in Plaintiff's Motion for Entry of Default [118].

then entertain any motion by another party to have default entered against Prop Transport for failure to defend. Prop Transport's 45 days were set to expire on April 28, 2017.

12) On March 15, 2017, Herman Cox, Ben Segarra, and Jaime Betbeze of Maynard, Cooper & Gale, P.C., certified that it had physically delivered a copy of the court's order granting motion to withdraw to Prop Transport & Trading, LLC [115].

13) Two days later, on March 17, 2017, Plaintiff filed a motion for entry of default as to Defendant Prop Transport & Trading, LLC for failure to answer [118].

14) On March 22, 2017, the clerk entered default as to Prop Transport [119].

15) On March 24, 2017, new counsel for Prop Transport, Timothy Moore, entered his appearance [120].

16) On April 10, 2017, Prop Transport, now being represented by Timothy Moore, filed a second motion to set aside entry of default [126]. This was followed by an amended motion to set aside default [138], filed on April 21, 2017. A proposed answer was attached to the amended motion.

17) Plaintiff filed a response in opposition to Plaintiff's motion to set aside [140] on April 26, 2017. Plaintiff simultaneously filed a motion for default judgment [141] and memorandum in support [142].

18) On May 2, 2017, Prop Transport filed a reply to its motion to set aside default [150] and a response to Plaintiff's motion for default judgment [155].

### Standard of Review

"Default judgments or entries of default are useful tools for the efficient administration of justice." *Griffin v. Humphrey*, No. 2:08-cv-35-P-A, 2008 WL 3287132, at *1 (N.D. Miss. Aug. 7,

2008) (internal citation omitted).  When considering whether to grant a default judgment, there is a clear preference for the case to be decided on its merits.  *Id.*  Default judgment is "a drastic remedy not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274,276 (5th Cir. 1989).  Entry of default is, itself, a prerequisite to entry of a default judgment.  *Jefferson v. Louisiana Dept. of Public Safety and Corr.*, 401 Fed. App'x 927, 929 (5th Cir. 2010).

Regarding the standard of review for setting aside a clerk's entry of default, it is well recognized whether to do so is "within the sound discretion of the district court." *U.S. v. Gentry*, No. 1:12-cv-215-SA-DAS, 2014 WL 4352094, at \*2 (N.D. Miss. Sept. 2, 2014) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).  Under Federal Rule of Civil Procedure 55(c), the standard to set aside an entry of default is "good cause." *Griffin*, 2008 WL 3287132, at \*1 (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)).  "'Good cause' is not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely." *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992). "In determining good cause to set aside an entry of default, the court balances whether: 1) the default was willful, 2) the set-aside would be prejudicial to the non-moving party, and 3) the alleged defense is meritorious." *Griffin*, 2008 WL 3287132, at \*1 (internal citation omitted); *see also In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008).

### Analysis

Addressing the balancing factors to determine whether to set aside the entry of default, the court finds good cause to do so is present.  First, Defendant Prop Transport contends it inadvertently, rather than willfully or intentionally, failed to timely file its answer after its motion to dismiss was denied. This assertion is certainly plausible in light of the Plaintiff's own failure

4

to bring the omission to the court's attention for over three months while continuing to actively litigate with Defendant Prop Transport. In fact, it was Plaintiff's counsel who as late as February 15, 2017, expressly represented that "Once [Prop Transport's] motion [to dismiss] was resolved, adverse to the positions taken by Prop Transport in its Motion to Dismiss, Prop Transport then filed an Answer and filed discovery against the Plaintiff and the other defendant, the Greenville Port Commission. Both the Plaintiff and the Port have responded to this discovery." *See* Response in Opposition [104] at 2.

In other words, apparently both Plaintiff and Defense counsel overlooked the fact that no formal answer had been filed and proceeded to prosecute and defend the case. Moreover, Plaintiff continued to litigate with the Defendant Prop Transport for several months instead of moving for entry of default. Once Plaintiff did move for entry of default on March 17, 2017 [118], Prop Transport's counsel, without objection of Plaintiff had *already* been permitted to withdraw [114], leaving Prop Transport unrepresented and therefore unable to answer or defend the action.

"[A] corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 202 (1993). It was precisely because of this rule that while allowing Prop Transport's counsel to withdraw by order dated March 14, 2017 [114], the undersigned afforded Prop Transport 45 days to obtain new counsel. The court also cautioned Prop Transport that the failure to retain counsel, so as to proceed with the case, might well result in default judgment being entered against it. On March 24, 2017, new counsel for Prop Transport entered his appearance [120]. Shortly thereafter, on April 10, 2017, Prop Transport filed a motion to set aside the entry of default [126], which was entered by the clerk on March 22, 2017

[119]. This was followed by an amended motion to set aside default [138], filed on April 21, 2017. A proposed answer was attached to the amended motion. Accordingly, Prop Transport acted within the time frame ordered by this court in which to obtain counsel to prosecute/defend the case.

In short, given both the Plaintiff's and Defendant Prop Transport's active prosecution and defense of this case, albeit while apparently both overlooking the fact that no formal answer had been filed, the court finds good cause for – and an absence of demonstrated prejudice to Plaintiff in – setting aside the entry of default.

This result is also in furtherance of the great preference of this court to have claims adjudicated on their merits.

### Conclusion

For the foregoing reasons, it is ordered that Defendant Prop Transport's Motion to Set Aside Entry of Default is granted.

**SO ORDERED** this 1st day of June, 2017.

/s/ Jane M. Virden_____
**UNITED STATES MAGISTRATE JUDGE**