IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEWEY WELCH**                                                                             **PLAINTIFF**

**VS.**                                                            **CIVIL ACTION NO.: 4:15-cv-187-JMV**

**PROP TRANSPORT & TRADING, LLC ET AL.**                         **DEFENDANTS**

## ORDER GRANTING MOTION FOR LEAVE TO WITHDRAW ADMISSIONS AND SERVE RESPONSES OUT OF TIME

This matter is before the court on Defendant Prop Transport & Trading, LLC's Motion for Leave to Withdraw Admissions and Serve Responses Out of Time [143].[1] Upon due consideration of the motion and the applicable law, the court finds Defendant's Motion for Leave to Withdraw Admissions and Serve Responses Out of Time should be granted.

### Standard of Review

"Although the court has considerable discretion to permit withdrawal or amendment, a deemed admission may only be withdrawn when the moving party satisfies the conditions set forth in Rule 36(b)." *Le v. Cheesecake Factory Restaurants Inc.*, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (citing *American Auto. Ass'n v. AAA Legal Clinic,* 930 1117, 1119 (5th Cir. 1991)). Federal Rule of Civil Procedure 36(b) provides that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." However, "even when Rule 36(b)'s two-factor test has been satisfied, the district court still has discretion to deny a request to withdraw or amend an admission." *Le*, 2007 WL 715260, at *2 (5th Cir. Mar. 6, 2007) (citing *In re Carney,* 258 F.3d 415, 419 (5th Cir. 2001)).

---

[1] In its motion, Prop Transport concedes the veracity of Requests 1-3, leaving only Request No. 4 subject to the motion for leave to withdraw. *See* Motion for Leave to Withdraw Admissions [143] at ¶ 7.

1

The movant bears the burden of proof as to the first element contained within Rule 36—that is, showing how withdrawal of the admissions promotes a presentation on the merits. The respondent in opposition bears the burden of proof as to the second element—showing prejudice if the admissions are withdrawn." *Casey v. Quality Restaurants & Concepts*, 2012 WL 3261367, at *3 (N.D. Miss. Aug. 8, 2012) (citing *Curtis v. State Farm Lloyds,* 2004 WL 1621700 (S.D. Tex. April 29, 2004)).

"Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Le*, 2007 WL 715260, at *3 (5th Cir. Mar. 6, 2007) (citing *American Auto.,* 930 F.2d at 1117). "Merely having to prove the matters admitted does not constitute prejudice." *Id.* (citing *N. La. Rehab. Ctr. Inc. v. United States,* 179 F.Supp.2d 658, 663 (W.D. La. 2001)). "Courts have also considered, however, within the prejudice analysis, the timing of the motion for withdrawal as it relates to the diligence of the party seeking withdrawal and the adequacy of time remaining for additional discovery before trial. *Id.* (citing *N. La. Rehab Ctr.*, 179 F. Supp. 2d at 663) (permitting withdrawal when party obtaining the admissions failed to show that it would not be able to present alternative evidence and adequate time remained before trial to conduct limited discovery). "In exercising its discretion, the court may consider the fault of the party seeking withdrawal." *Casey*, 2012 WL 3261367, at *4 (N.D. Miss. Aug. 8, 2012) (citing *Pickens v. Equitable Life Assurance Soc.,* 413 F.2d 1390, 1394 (5th Cir. 1969)).

## Analysis

The court finds that the two-part test of Federal Rule of Civil Procedure 36(b) has been met, and that it is appropriate to allow the Defendant, Prop Transport, leave to withdraw its

admissions and submit responses out of time. First, Prop Transport has met its burden of showing that allowing the withdrawal of its admissions will promote the presentation of the merits of the action. Were this court to allow the admission of Request No. 4[2] to stand in the face of the representation that it is not an accurate statement of the facts, it would serve only to potentially (assuming the representation is ultimately borne out by the evidence) distort the accurate facts. On the other hand, if the representation is not borne out by admissible evidence, that fact may be taken into account by the jury.

As for the second part of the Rule 36(b) test, the court is not persuaded that withdrawal of Prop Transport's admissions would prejudice the Port in maintaining or defending this action on the merits. As stated above, prejudice relates to special difficulties. "A party is not prejudiced by the need to conduct additional discovery, nor by being required to put on proof of previously admitted items." *Le*, 2007 WL 715260, at *9 (5th Cir. Mar. 6, 2007). The court recently extended the discovery deadline in this case to November 6, 2017 [171]. Thus, there is adequate time to conduct any additional discovery that may be necessary.

Defendant Prop Transport, by way of its new counsel Mr. Moore, argues that it is unsure as to why its former counsel "failed/refused to respond to the requests." Motion to Withdraw Admissions [143] at ¶4. While former counsel filed a motion to withdraw on February 7, 2017 [98], at the time the requests were served (January 6, 2017) and at the time the responses were due (February 8, 2017), Prop Transport was still represented by its former counsel. The Port argues that mistakes of Prop Transport's counsel are chargeable to Prop Transport "no matter how unfair this on occasion may seem." *Mason v. AAA Ins. Co.*, 2009 WL 2448004, at *3 (E.D. La. Aug. 10, 2009). The Port is correct that Prop Transport was advised by its former counsel

---

[2] Request No. 4 states, "Please admit that after the subject incident, Michael Spellmeyer (on behalf of PT&T) advised Tommy Hart that PT&T would hold the Greenville Port Commission harmless with regard to the incident involving Dewey Welch."

that its responses were due by February 8, 2017. *See* Former Counsel's Letter to Prop Transport, Ex. A at [165]. However, it remains unclear what Prop Transport understood its counsel continued to do on its behalf after it informed Prop, by letter dated January 17, 2017, that further remuneration would be required for further work. According to Prop, despite the letter requesting further remuneration, counsel still continued working for the account of Prop Transport. Also, the court disagrees with the Port's argument that Prop Transport has not been diligent in seeking to withdraw its admissions.

"[A] corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 202 (1993). At the time the responses were due, Prop Transport was represented by counsel. Counsel was not allowed to withdraw until March 14, 2017 [114], at which time Prop Transport was given 45 days to obtain new counsel. Within those 45 days, Timothy Moore appeared on behalf of Prop Transport and filed this instant motion to withdraw the admissions and submit a response out of time [165]. Accordingly, the court finds that Prop Transport's motion for leave to withdraw admissions and file responses out of time [143] should be granted.

## Conclusion

For the foregoing reasons, it is ordered that Defendant Prop Transport's motion for leave to withdraw admissions and file responses out of time [143] is granted.

**SO ORDERED** this 1st day of June, 2017.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**