IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DEWEY WELCH                                                                                    PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 4:15-cv-187-JMV

PROP TRANSPORT & TRADING, LLC, et al.                                              DEFENDANTS

## ORDER

This matter is before the court on motion [185] of Jamie Betbeze and Maynard, Cooper & Gale, P.C. ("the Maynard Cooper Defendants") to dismiss all claims made against them by Prop Transport & Trading, LLC in the amended third-party complaint [182]. For the reasons discussed below, the motion, except as specifically relates to certain alleged contingent damages, is denied.

## Standard of Review

A pleading must contain a short and plain statement of the claim, showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Motions to dismiss test the sufficiency of a plaintiff's complaint. *See Guthrie v. Tifco Inds.*, 941 F.2d 374, 379 (5th Cir. 1991). On a Rule 12(b)(6) motion, the court's inquiry is essentially limited to the content of the complaint. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994), *cert. denied,* 513 U.S. 868.

To survive a motion to dismiss, plaintiffs are required to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Put differently, "[f]actual allegations must be sufficient to raise a non-speculative right to relief." *Colony Ins. Co. v. Peachtree Constr. Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). "[C]onclusory allegations or legal conclusions masquerading

as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## Analysis

According to the Maynard Cooper Defendants, their motion to dismiss all claims asserted by Prop Transport is premised on the fact that the damages Prop Transport alleges it incurred on account of the Maynard Cooper Defendants' conduct "were contingent, and are now non-existent due to the court's recent rulings." Memo in Support of Motion to Dismiss [186] at 2; *see also*, Reply [193] at 2.

The court finds, to the extent that Prop Transport sought, by way of the amended third-party complaint, those damages as it might incur *in the event* that certain deemed admissions and entry of default were not withdrawn/set aside by the court, the complaint, indeed, fails to state a cause of action. Those claims, as plead, were not ripe when asserted (and, for that matter, they will not become ripe in light of the court's setting aside of the default and withdrawal of the admissions). *See Nat'l Wildlife Fed'n v. Goldschmidt*, 677 F.2d 259, 263 (2d Cir. 1982) ("Courts have no business adjudicating the legality of non-events."); *Texas v. U.S.*, 523 U.S. 296 (1998) (A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated or may not occur at all.); *Doe v. Virginia Dept. of State Police*, 713 F.3d 745 (4th Cir. 2013), *cert. denied*, 2014 WL 1124857 (U.S. 2014) (A claim should be dismissed as unripe if the plaintiff has not yet suffered injury, and any future impact remains wholly speculative.).

However, these contingent damages are not the only damages sought by the Third-Party Plaintiff, Prop Transport, against the Maynard Cooper Defendants. The Maynard Cooper Defendants are also alleged to have caused Prop non-contingent damages. By way of example only, Prop Transport alleges:

- it had to retain counsel at its expense to pursue the defense of the Welch lawsuit, which of course, would include expenses associated with setting aside the deemed admissions and default alleged to have resulted on account of Maynard Cooper's wrongful conduct (third-party complaint [182] at, *inter alia*, ¶¶ 37, 38, 77(a));

- that the Maynard Cooper Defendants billed Prop Transport for work done for the benefit of itself and/or Great American (third-party complaint [182] at ¶¶ 37, 47(g)); and

- that after advising Prop Transport that the Maynard Cooper Defendants would be representing them on the cross-claim asserted against Prop Transport by the Port and assuming that defense, the Maynard Cooper Defendants refused or failed to represent Prop Transport even though, according to the complaint, defense coverage for that claim was never withdrawn by Great American. *See* third-party complaint [182] at ¶¶ 25, 28-31. As a result, Prop was caused to retain other counsel to defend the cross-claim and incur defense costs associated with doing so. *Id.*

In short, the Maynard Cooper Defendants have moved to dismiss all claims asserted against them on the flawed premise that only claims for contingent damages specifically related to the second entry of default and deemed admissions are asserted by the Third-Party Plaintiff against them. As demonstrated above, other alleged wrongdoing and damage is asserted, and importantly, on the instant motion, is not materially addressed by the Defendants.[1] Accordingly, unless and until, on proper motion to dismiss for failure to state a claim, these other allegations are dismissed, they will remain.

---

[1] The Defendants acknowledge the third-party complaint seeks as against, among others, the Maynard Cooper Defendants, fees and expenses incurred in defending the underlying claims (citing ¶ 77(a) of the third-amended complaint [182]; memo in support of motion to dismiss [186] at 3). However, the Maynard Cooper Defendants simply assert in conclusory fashion that "no allegations connect the Maynard Cooper Defendants with an obligation to pay such defense costs." Memo [186] at 3. As noted above, a number of such allegations are made by Third-Party Plaintiff. Defendants have never briefed whether such allegations, as made, give rise to legally cognizable claims.

## **Conclusion**

For the forgoing reasons, the motion to dismiss, except as specifically relates to certain alleged contingent damages, is denied.

**SO ORDERED**, this, the 17th day of July, 2017.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE